Nicholson, C. J.,
delivered the opinion of the court.
Matt O’Hara was indicted in the criminal court at Memphis, as a vagrant, under the act of 1875, oh. 105, entitled, “An act to prevent vagrancy.” Hpon the motion of the defendant tire indictment was quashed, and the district attorney has appealed.
The criminal judge was of opinion that it was the intention of the legislature, by the passage of the act to prevent vagrancy, to confer exclusive jurisdiction on the justices of 'the peace as to the offense of vagrancy; and .the question now is whether this construction of the act is erroneous.
The first section of the act declares it a misdemeanor for any person who, having no apparent means of subsistence, neglects to apply himself or herself to some honest calling. The second section declares it to be a misdemeanor for any one to be loitering about saloons or dram-shops, gambling houses or houses of ill fame, or tramping through the county without any visible means of support. The third section subjects any person found guilty of the offenses mentioned in secs. 1 and 2, to- a fine of not less than five dollars or more tiran twenty-five dollars, or to' imprisonment in the county workhouse for not less than ten days or more than twelve months, at the discretion of the court.
The fourth section makes it the duty of all peace officers of the state to arrest all vagrants and carry them before “some justice of the peace, to be dealt with as the: law directs.” The paramount object of the legislature is apparent in the title of the act, which is “An act to1 prevent vagrancy.” The first means adopted to effect this object was to make vagrancy a misdemeanor, and, to avoid any mistake as to what was meant by vagrancy, the legislature defines what acts, of loitering about saloons, etc., shall be held to be misdemeanor.
The next means adopted to effect the object was to annex to the offense punishment from a fine of five dollars to imprisonment for twelve months, in the discretion of the *459 court. In addition to all this, the legislature makes it the duty of every peace officer of the state to enforce the act by arresting all vagrants without warrants, and carry them before some justice of the peace to be dealt with according to law. The preventive character of the act is apparent throughout all its sections and provisions.
Vagrancy was mot a misdemeanor prior -to the passage of this act. In the old law of 1801 [Ch. 22], it was termed a “misbehavior,” and its punishment was left to the justices of the peace. We know judicially and historically that the act of 1801 has remained virtually a dead letter on the statute books. It was clearly the purpose and the policy of the legislature of 1875 to enact a more efficient law against vagrancy.
To do this it was deemed proper to make it a criminal offense of the grade of a misdemeanor. The moment that was done, it became an offense cognizable by the circuit and criminal courts, by operation of sec. 4226 of the Code, which confers original jurisdiction upon these courts, as to all criminal offenses, whether felonies or misdemeanors, unless otherwise expressly provided.
It was wholly unnecessary for the legislature to declare what courts shall have jurisdiction of the misdemeanor of vagrancy so created by the act. The existing general law furnished the tribunal for its enforcement. But we think it apparent from the language used in the third section of the act, that the legislature contemplated the enforcement of the law against vagrancy in circuit and criminal courts. It declares any one “found guilty” of vagrancy, shall be fined not less than five dollars, etc., or may be imprisoned as long as twelve months, “at the discretion of the court.” This language, as well as the character of the punishment to be inflicted, could be used with propriety only in reference to the circuit and criminal courts, and not in reference to justices’ courts. Nor is there anything in the provisions of the fourth section which conflicts with this construction, *460 The fourth, section was not intended to confer any new jurisdiction on justices of the peace, but to impose new duties and larger powers on the peace officers of the state in carrying out the object of preventing vagrancy. The peace officers are required to arrest all vagrants and carry them before some justice of the peace, to be dealt with as the law directs, not as this act directs, but the general law, which directs how justices shall deal with offenders arrested for crimes and brought before them for examination and discharge or for binding over to the circuit or criminal court.
Upon this construction there is entire harmony and consistency in the several sections and provisions of the act, and if it is executed in the spirit in which it was enacted, the object of the legislature may be, in a great measure, effected.
We are therefore of opinion that the indictment in the present case was erroneously quashed, and the judgment of the court below is reversed, 'and the cause remanded.